# UNITED STATES DISTRICT COURT

for the

Western District of Missouri

_____ Division

| | | |
|---|---|---|
| Doyne Rhoades | ) | Case No. _____ |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| **Plaintiff(s)** | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| | ) | |
| Brandon Moreland, et al., | ) | |
| _____ | ) | |
| **Defendant(s)** | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names. Do not include addresses here.)* | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Case 2:25-cv-04198-SRB    Document 1    Filed 09/08/25    Page 1 of 18

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Doyne Rhoades |
| All other names by which you have been known: | |
| ID Number | 172718 |
| Current Institution | Jefferson City Correctional Center |
| Address | 8200 No More Victims Road |
| | Jefferson City, Missouri 65101 |

*City     State     Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Brandon Moreland |
| Job or Title *(if known)* | MVE Supervisor |
| Shield Number | |
| Employer | MVE and/or MODOC |
| Address | 8200 No More Victims Road |
| | Jefferson City, Missouri 65101 |

*City     State     Zip Code*

[X] Individual capacity    [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Trevor Foley |
| Job or Title *(if known)* | Director of MODOC |
| Shield Number | |
| Employer | MODOC |
| Address | 2729 Plaza Drive |
| | Jefferson City, Missouri 65102 |

*City     State     Zip Code*

[X] Individual capacity    [ ] Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Earl Dye |
| Job or Title *(if known)* | Duty Division Director of MODOC |
| Shield Number | |
| Employer | MODOC |
| Address | 2729 Plaza Drive |
| | Jefferson City, Missouri 65102 |

|  City  |  State  |  Zip Code  |
|---|---|---|

[X] Individual capacity    [ ] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Kelly Morriss |
| Job or Title *(if known)* | Warden of JCCC |
| Shield Number | |
| Employer | MODOC |
| Address | 8200 No More Victims Road |
| | Jefferson City, Missouri 65101 |

|  City  |  State  |  Zip Code  |
|---|---|---|

[X] Individual capacity    [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     [ ] Federal officials (a *Bivens* claim)

     [X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth and Fourteenth Amendments to the U.S. Constitution.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I. The Parties to This Complaint (attached page)

B. The Defendants

Defendant No. 5: Raina Martin
                 Deputy Warden of Operations
                 MODOC
                 8200 No More Victims Road
                 Jefferson City, Missouri 65101

Defendant No. 6: Albin Narveaz
                 Deputy Warden of JCCC
                 MODOC
                 8200 No More Victims Road
                 Jefferson City, Missouri 65101

Defendant No. 7: Norman Graham
                 Major
                 MODOC
                 8200 No More Victims Road
                 Jefferson City, Missouri 65101

Defendant No. 8: Paul Blakeman
                 Direct Manager of MVE
                 MVE and/or MODOC
                 8200 No More Victims Road
                 Jefferson City, Missouri 65101

Defendant No. 9: Mike Gladeau
                 Supervisor
                 MVE and/or MODOC
                 8200 No More Victims Road
                 Jefferson City, Missouri 65101

Defendant No. 10: Bob Easler
                  Manager
                  MVE and/or MODOC
                  8200 No More Victims Road
                  Jefferson City, Missouri 65101

Defendant No. 11: Investigator Mrs. Durre
                  Investigator at JCCC
                  MODOC
                  8200 No More Victims Road
                  Jefferson City, Missouri 65101

3-A

    D.       Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☒    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.       If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See attached pages.

    B.       If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attached pages.

IV. Statement of the Claims (attached pages)

1. On or about January 31, 2025, Offender Jordan Haden, who works in the Validation Department at Missouri Vocational Enterprises (MVE), was issued a conduct violation (CDV) for contraband and possessing gambling paraphenalia.

2. On February 3, 2025, Plaintiff Doyne Rhoades asked Bob Easler (manager), Brandon Moreland, and Nathaniel Decker (supervisors) to move offender Haden away from the Validation Department, because he was misusing the computers (making and printing parley tickets, etc.). Plaintiff was concerned because such behavior, in the past, resulted in him and other offenders at MVE being assigned to administrative segregation for an investigation until they were cleared of any wrongdoing. Plaintiff was trying to do the right thing and avoid a trip to ad-seg due to offender Haden's actions.

3. On February 25, 2025, custody confiscated offender Haden's computer. The next day, Caption Hess came into Graphic Arts and wanted to see where the computer was taken from. After a brief conversation with Moreland in his office, Caption Hess left. Moreland came out of the office and told Plaintiff, Haden, and other offenders that Caption Hess was looking for evidence that computers were being used for things other than MVE work. A short time later, several other offenders' work computers were taken.

4. Not long after that, Ms. Johnson and Sgt. Galbreath asked Plaintiff what other MVE computers were in the Validation Department. Plaintiff pointed to the one he used and it was also taken.

5. Plaintiff reported to his supervisors that they did not have any computers and asked what to do about their jobs. Plaintiff was told calls would be made and they'd be notified. After some time had passed, the computer Plaintiff used was returned. As he was plugging it back in Mike Gladeau

4-A

(supervisor) came and told Plaintiff that he was being "laid in." Plaintiff
asked if he was being fired and was told "No, come back to work Monday,"
3-3-25.

6. On February 27, 2025, Caseworker Taylor of Hu1 called Plaintiff into
his office and told him he was terminated from MVE, handing him a termination
slip which didn't state a reason for termination. It was signed and approved
by Brandon Moreland.

7. Offender Haden had made it known to Plaintiff and other offenders
that he and Brandon Moreland were having a "bromance" (staff familiarity)
and Moreland gave Haden preferable treatment (denial of equal treatment of
similarly-situated offenders), printing off weekly sports spread sheets from
the internet so offender Haden could make parley tickets (On April 3rd and
4th, 2025, Decker told Plaintiff Moreland admitted to Paul Blakemore, John
Meadow, and Bob Easler that he printed gambling lines for Haden, and let
Haden read IRR.).

8. When Plaintiff asked Moreland and others to move Haden because he
was misusing computers for personal use (whistleblowing) and putting Plaintiff
and others at risk of being fired and/or assigned to ad-seg, Moreland
retaliated against Plaintiff by terminating him from MVE, a place he was
employed for sixteen years. Moreland had no legitimate justification for
terminating Plaintiff other than reporting Haden's actions to others. Moreland
protected Haden in order to protect himself, because he breached security
by telling Plaintiff and other offenders what evidence Captain Hess was
looking for on the computers and was complicit in assisting Haden in violating
MODOC Rule 28.1 and 2.

9. Plaintiff wrote letters to Warden Kelly Morriss, Major Norman Graham,
and Paul Blakemore, Direct Manager of MVE, and told them about Moreland's

misconduct and everything that happened.

10. On March 4, 2025, Plaintiff filed an informal resolution request (IRR) after being terminated from his MVE job. In the IRR, Plaintiff stated that "I asked Brandon Moreland and other staff members to move [offender Jordan Haden], because he was misusing computers for personal use... Moreland retaliated against me by terminating me from MVE,... Moreland had no justification for terminating me other than reporting Haden's actions to staff."

11. Plaintiff further stated in the IRR, "Moreland is protecting Haden in order to protect himself, because he breached security by telling myself and other offenders what evidence Cpt. Hess was looking for on the computers and is complicit in assisting Haden in violating Offender Conduct Rule 28.1 and 2."

12. Moreland told Haden, Donnie Jackson, Roberto Herrara, and Matthew Cook (see attached witness declarations) that Plaintiff filed an IRR and "snitched" on him and Haden for using computers to print out sports spread sheets, gambling paraphernalia, etc. When Plaintiff heard about Moreland labeling him a "snitch" to other offenders he became afraid and immediately informed Investigator Mrs. Durre of what Moreland was saying about him, which is what Amielee Dittman, Function Unit Manager of Hu3 and Hu4, instructed him to do.

13. On March 7, 2025, Plaintiff told Warden Kelly Morriss about the misuse of MVE computers, about being terminated, about Moreland telling offenders he is a "snitch," and about letting offenders read his IRR. Morriss said, "I cannot not stand for that and will look into it." Lt. Corrisek was also present during conversation.

14. Several days later, Plaintiff was assaulted, without provocation

by Jimmy Hartley #1225744, an offender from Hu1, who Plaintiff didn't know while Plaintiff was picking up his canteen on March 10, 2025. Prior to assaulting Plaintiff, he asked "you like filing IRR's against staff?" in the presence of several offenders who heard him and witnessed the assault (Se attached witness declaration). After he assaulted Plaintiff, Jimmy Hartley told staff that he assaulted Plaintiff because he spit on him which was refuted by Mrs. T. Kent who worked in the offender canteen and several other witnesses.

15. As a result of Jimmy Hartley's (#1225744) attack, Plaintiff suffered and continues to suffer from injuries of Mr. Hartley's attack: broken glasses, causing injury to his eye (pain, spotting, continually blurred vision); aggravating a pre-existing brain injury, causing headaches, affecting his sleep and ability to focus on daily tasks), and earaches and constant ear ringing; PTSD, anxiety around groups of offenders, panic attacks of being assaulted, and depression.

16. On April 2, 2025, Plaintiff talked with Mrs. Dittman who had discussed the situation with Sgt. Galbreath who said Moreland admitted to misusing MVE computers and allowing offender Jordan Haden to read Plaintiff's IRR.

17. Plaintiff talked to Deputy Warden Albin Narvaez and he said he had all the information from Moreland's computer and would address the problem. (On March 11, 2025, DWO Raina Martin sent Plaintiff an email stating the MVE staff issue was being addressed through MVE and DW Narveaz.)

18. A short time later, Brandon Moreland was given a promotion who then promoted offender Jordan Haden.

19. On July 11, 2025, Plaintiff's grievance appeals concerning the wrongful termination, retaliation, and being labeled a "snitch" and assaulted

were denied by Earl Dye, stating he did not find sufficient evidence to support Plaintiff complaints or requested remedies.

20. Jimmy Harley was not referred for prosecution and was released from ad-seg after sixty days.


## CLAIM I

Defendant Moreland was deliberately indifferent to Plaintiff's safety by labeling Plaintiff a "snitch." Labeling an offender a "snitch" violates the staff member's duty to protect offenders. See **Irving v. Dormire**, 519 F.3d 441 (8th Cir. 2007). Defendant Moreland was put on fair notice that to label Plaintiff a "snitch" to other offenders is to unreasonably subject Plaintiff to the threat of a substantial risk of serious harm at the hands of other offenders. As said in **Irving**, who knows the opprobrium and consequent effect thereof that attaches to the label of "snitch" than those who work daily within the offender population.

Defendants Investigator Durre, Morriss's failure to protect and act upon the information they were given was deliberate indifferent to Plaintiff's safety, resulting in him being assaulted.

Reasonable staff members in these defendants' position would have known that to label Plaintiff a "snitch" would violate Plaintiff's constitutional right to protection from harm, as guaranteed by the Eighth and Fourteenth Amendments, and that they had a duty to act. Their failure to do so resulted in Plaintiff's injuries.


## CLAIM II

Moreland's actions are a result of Defendants Trevor Foley, Earl Dye, Kelly Morriss, Raina Martin, DW Narveaz's, Norman Graham, Paul Blakeman,

Mike Gladeau, and Bob Easler's failure to train and supervise, and in permitting and promoting custom and practice that cultivates a culture of staff familiarity at JCCC, and throughout MODOC, of favoritism due to over familiarity between staff and certain offenders, in violation of Plaintiff's right to Equal Protection Clause of the 14th Amendment to the United States Constitution. See **Lombardi v. Dunlap**, 103 S.W.3d 786 (Mo.App.WD 2003); Any contact between staff and offenders other than professional contact can lead to the offender population's loss of respect for staff, jealousy between offenders, and extortion of staff by offenders, making such situation directly threatening the overall safety and security of the institution.

Defendant Moreland's labeling Plaintiff a "snitch" was an act of retaliation that resulted in an unprovoked assault against Plaintiff, an act of violence on "No More Victims Road" which was caused by the Defendants failure to train and supervise, and in permitting and promoting a custom and practice of staff familiarity, violating Plaintiff's Eighth and Fourteenth Amendment rights to the United States Constitution. Moreland's action are further egregious and appalling because Moreland was promoted and then also promoted offender Jordan Haden after Plaintiff was assaulted.

## V. Injuries

Plaintiff suffered from his injuries and continues to ask for and receive treatment for said injuries (See paragraph 15 above.).

## VI. Relief

Plaintiff asks for the following relief: $15,000 in actual and compensatory damages and $20,000 in punitive damages on count I; and $15,000 in actual and compensatory damages and $100,000 in punitive damages on count II.

C.  What date and approximate time did the events giving rise to your claim(s) occur?

See attached pages.

D.  What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See attached pages.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached pages.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See attached pages.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[X] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Jefferson City Correctional Center, Jefferson City, Missouri.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[X] Yes

[ ] No

[ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[ ] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)?

Do not understand what the question means by cover some or all claims

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

All administrative remedies exhausted on 6-9-25 and 7-11-25.

2.    What did you claim in your grievance?

See attached grievances.

3.    What was the result, if any?

Grievance appeals denied.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The complete grievance appeal processes.

F.    If you did not file a grievance:

     1.    If there are any reasons why you did not file a grievance, state them here:

     2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   9-8-25

Signature of Plaintiff

Printed Name of Plaintiff   Doyne Rhoades

Prison Identification #   172718

Prison Address   JCCC, No More Victims Road

Jefferson City, MO 65101
_____City_____   _State_   _Zip Code_

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

_____
_____City_____   _State_   _Zip Code_

Telephone Number   _____

E-mail Address   _____